NO. 07-08-0274-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 11, 2009
_____

KIMI LYNN POSEY,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 53,793-E; HON. ABE LOPEZ, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Kimi Lynn Posey was convicted of possessing a controlled substance (methamphetamine) in a drug free zone. Her one issue involves the admission into evidence at trial of State's exhibit 1, a search warrant with accompanying affidavit. The exhibit purportedly was irrelevant and subject to exclusion under Texas Rule of Evidence 403. We affirm the judgment.

*Background*

Based on information from a confidential informant, Officer Brett Harbert sought issuance of a no-knock search warrant for a residence at 709 South Forest in Amarillo which residence was allegedly controlled by appellant's husband, Andy Posey. The purpose of the warrant was to seize methamphetamine as well as paraphernalia used in the offenses of possession and delivery of methamphetamine. Upon execution of the warrant, police discovered Andy in the kitchen with methamphetamine, digital scales, baggies, and a police scanner.

Appellant was located in a bedroom of the house. A pair of her shorts was found on the floor of that room. They contained, among other things, her driver's license, several of her credit cards and a small bag of methamphetamine for which she was prosecuted.

*Issue*

During Harbert's testimony, the State sought to introduce the search warrant and affidavit supporting its issuance. The latter referred to 27 prior arrests of Andy and, according to appellant, was inadmissible due to its irrelevance and its undue prejudice. We overrule the issue.

When the State tendered the warrant at trial, appellant objected for the reasons stated in her "Motion to Suppress" and because an inventory was attached to it. Yet, none of those grounds for objection encompassed the two upon which appellant now relies. And, after the trial court sustained the complaint regarding the inventory, it admitted the exhibit into evidence. After the document was admitted and a witness began to read it aloud, other objections followed. One was based upon the contention that the exhibit was already admitted into evidence and it spoke for itself. The final complaint voiced by

2

appellant encompassed whether the reading aloud of Andy Posey's criminal history was relevant or unduly prejudicial; the trial judge overruled it "since [he already] admitted the exhibit."

To preserve an issue for appellate review, a complaint must be made to the trial court by a *timely* request, objection or motion. TEX. R. APP. P. 33.1(a)(1). Here, the search warrant and affidavit had already been admitted for all purposes before appellant sought their exclusion on the basis of relevancy and undue prejudice. Before that occurred, the appellant herself attempted to preclude an officer from reading aloud its content by alleging that the documents were already in evidence and they spoke for themselves. Thus, the grounds for objection now urged upon us were untimely mentioned. So too did they fail to comport with those uttered before the trial judge decided to admit the exhibit. *See Medina v. State,* 7 S.W.3d 633, 639 (Tex. Crim. App. 1999) (stating that when the objection at trial does not comport with that made on appeal, nothing is preserved for appellate review).

Accordingly, appellant's issue is overruled and the judgment is affirmed.


Brian Quinn
Chief Justice

Do not publish.